IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

JAMES T. EDGAR, Register No. 507118,  )
                                       )
                  Plaintiff,           )
                                       )
         v.                            )   No. 08-4279-CV-C-SOW
                                       )
LARRY CRAWFORD, et al.,                )
                                       )
                  Defendants.          )

### REPORT AND RECOMMENDATION

Plaintiff James Edgar filed this case in November 2008, alleging defendants harassed and retaliated against him for assisting other inmates with institutional grievances. Plaintiff amended his complaint shortly thereafter and was granted leave to proceed in forma pauperis. Defendants waived service of process and filed a motion to dismiss. The motion to dismiss is fully submitted, with a response from plaintiff and a reply from defendants.[1]

Defendants assert plaintiff has failed to state a claim for relief in some of his claims, and that he has failed to exhaust his administrative remedies on other claims. Particularly, defendants state plaintiff did not exhaust his administrative remedies on his claims related to his typewriter, his inmate classification, and the conduct violation he received in August 2008.

Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion of all administrative remedies as set forth by the Missouri Department of Corrections Offender Grievance Procedures must be completed prior to a prisoner filing suit. See Johnson v. Jones, 340 F.3d 624, 628 (8th Cir. 2003) (dismissal is required under section 1997e(a) if an inmate has failed to exhaust all available administrative remedies *prior* to

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

filing suit). When multiple prison conditions claims have been joined, the plain language of section 1997e(a) requires that all available prison grievance remedies must be exhausted as to all claims on which a prisoner is seeking relief. Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000) (per curiam). Exhaustion of all administrative remedies means that a prisoner must use all steps that the Department of Corrections requires and must follow such steps properly. Woodford v. Ngo, 548 U.S. 81 (2006) (section 1997e(a) requires proper exhaustion of administrative remedies). A prisoner must complete the administrative review process in accordance with applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court. Id.

Plaintiff's pleadings include a number of factual allegations, and it is unclear whether those allegations are meant to constitute separate claims or are merely support for his claims of improper harassment and retaliation. To the extent plaintiff has failed to exhaust his administrative remedies with regard to the individual events or issues, those claims should be dismissed, without prejudice. That would not preclude plaintiff, however, from using the events as support for his claims of harassment and retaliation.

Defendants also assert plaintiff has failed to state a claim for which relief can be granted. Federal Rule of Civil Procedure 8(a)(2) requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." It must give the defendant fair notice of the claim and grounds on which it rests. Conley v. Gibson, 355 U.S. 41, 47 (1957). Detailed factual allegations are not required, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level. . . ." Bell Atlantic Corp. v. Twombly, 559 U.S. 544, ___, 127 S. Ct. 1955, 1965 (2007).

Thus, a complaint is properly dismissed under Federal Rule of Civil Procedure 12 (b)(6) when it fails to state a claim upon which relief can be granted. When ruling on a motion to dismiss, the factual allegations in the complaint are accepted as true, and the court must determine whether they show the pleader is entitled to relief. At this stage, the complaint is construed liberally in the light most favorable to the plaintiff. Eckert v. Titan Tire Corp. 514

2

F.3d 801, 806 (8th Cir. 2008). "The complaint must 'provide a defendant with some indication of the loss and the causal connection that the plaintiff has in mind.'" Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 347 (2005)).

Plaintiff's main complaint is that defendant Martin harassed him and retaliated against him for assisting other inmates with filing grievances. He states the other defendants permitted this to occur and failed to enforce or follow institutional policies. Plaintiff alleges he has a constitutional right to assist other inmates with grievances and that he has a right of access to the courts.

Plaintiff does have a right of access to the courts for his own claims. However, an inmate does not have a constitutional right to give legal assistance to fellow inmates. Shaw v. Murphy, 532 U.S. 223, 231 (2001); Gassler v. Rayl, 862 F.2d 706, 707-08 (8th Cir. 1988); Ervin v. Ciccone, 557 F.2d 1260, 1262 (8th Cir.1977). Further, plaintiff does not have a constitutional right to the grievance procedure. O'Bryan v. County of Saginaw, 437 F. Supp. 582, 601 (E.D. Mich. 1977). Once established, the state's failure to follow its grievance procedure does not state a claim under 42 U.S.C. § 1983. Spencer v. Moore, 638 F. Supp. 315 (E.D. Mo. 1986).

"The Eighth Circuit has held that 'there is no federal constitutional liberty interest in having state officers follow state law or prison officials follow prison regulations.'" Wheat v. Daniel, 2007 WL 2735882 (E.D. Mo. Sept. 18, 2007) (quoting Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003)). The grievance procedure is procedural and does not confer any substantive rights. Id. Thus, it does not give rise to a protected liberty interest requiring Fourteenth Amendment protections, and plaintiff does not have a federal claim regarding how his grievances were processed, investigated, or responded to, even if they were not done by the appropriate personnel or in accord with the policies. Likewise, plaintiff does not have a constitutional right to assist other inmates with the filing of grievances.

Defendants assert plaintiff does not state a claim for retaliation because he did not engage in constitutionally protected activity which motivated retaliation. They also note plaintiff cannot succeed on a retaliation claim based upon disciplinary conduct violations where there was some evidence to support the findings.

3

The court has not found case law indicating that assisting someone else to file a prison grievance is constitutionally protected activity. Plaintiff was not issued a conduct violation for assisting other inmates with grievances. Instead, plaintiff states he was given conduct violations for other actions and otherwise retaliated against in response to his helping others with grievances.

> To establish a First Amendment retaliation claim under 42 U.S.C. § 1983, the plaintiff must show (1) he engaged in a protected activity, (2) the government official took adverse action against him that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity. Naucke v. City of Park Hills, 284 F.3d 923, 927-28 (8th Cir.2002). In brief, the plaintiff must show the official took the adverse action because the plaintiff engaged in the protected speech. See id.

Revels v. Vincenz, 382 F.3d 870, 876 (8th Cir. 2004).

It is unlikely that assisting others to file prison grievances is a constitutionally protected activity; thus, plaintiff's retaliation claim fails. Even if it was a protected activity, however, plaintiff's retaliation claim alleging he received false conduct violations should be dismissed.

In Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989), the court held that the filing of a false disciplinary charge against an inmate states a claim for relief, if the discipline was imposed in retaliation for the inmate's filing of a grievance. When the disciplinary action is taken against the inmate, however, for conduct unrelated to the filing of a grievance, then a claim is not stated. In other words, "where an inmate has violated an actual prison rule, no retaliation claim can be stated." Cowans v. Warren, 150 F.3d 910, 912 (8th Cir. 1998).

> While a prisoner can state a claim of retaliation by alleging that disciplinary actions were based upon false allegations, no claim can be stated when the alleged retaliation arose from discipline imparted for acts that a prisoner was not entitled to perform. Any other rule would allow a prisoner to openly flout prison rules after filing a grievance and then bring a claim under section 1983 arguing that prison officials disciplined him in retaliation for his filing a grievance.

Orebaugh v. Caspari, 910 F.2d 526, 528 (8th Cir. 1990). See also Henderson v. Baird, 29 F.3d 464, 469 (8th Cir. 1994).

Furthermore, a plaintiff must prove that retaliation was "*the actual motivating factor*" for the transfer or discipline. Goff v. Burton, 7 F.3d 734 (8th Cir. 1993).

4

In this case, plaintiff asserts the conduct violations were false. A review of the submitted documents, however, indicates defendants had some evidence to support the imposed discipline and in one case, actually expunged the violation after further investigation. The court notes that "a report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as 'some evidence' upon which to base a prison disciplinary violation, if the violation is found by an impartial decisionmaker." Hartsfield v. Nichols, 511 F.3d 826, 831 (8th Cir. 2008).

Plaintiff also states he was subjected to additional cell searches and that he had a pair of shoes destroyed as retaliatory acts. The Supreme Court has held that the "Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell." Hudson v. Palmer, 468 U.S. 517, 526 (1984). In Hudson, the Supreme Court concluded that prisoners do not have a legitimate expectation of privacy and the Fourth Amendment's prohibition on unreasonable searches does not apply in prison cells. However, the Court held that the Eighth Amendment protects prisoners from searches conducted only for "calculated harassment." Id., 468 U.S. at 530.

Plaintiff did not exhaust his administrative remedies on his claim of excessive cell searches, but his pleadings indicate some of the cell searches were directed toward his cell mate and some were done following a change in cell mates; thus, plaintiff's allegations of retaliation appear to be conclusory and unsupported by the facts.

Plaintiff's claim that his shoes were damaged during a cell search by defendant Koch does not rise to the level of a constitutional violation. Plaintiff has state law remedies for any intentional damage and there are no facts indicating defendant Koch engaged in retaliation.

Although plaintiff asserts defendants conspired to retaliate against him, he has failed to state a claim under 42 U.S.C. § 1985. In Griffin v. Breckenridge, 403 U.S. 100 (1975), the Supreme Court stated that there were two elements necessary to establish a cause of action under section 1985: (1) there must have been a conspiracy for the purpose of depriving a person or class of persons of the equal protection of the laws; and (2) there must have been an act taken in furtherance of the conspiracy by which a person or class was injured or deprived of exercising any right or privilege of a United States citizen. To keep the limits of section 1985 within the

5

scope intended by Congress, courts have required that the act in furtherance of the conspiracy be independently illegal and that the conspirator's actions be motivated by a class or racially-based animus.  See, e.g., McLellan v. Mississippi Power and Light Co., 545 F.2d 919 (5th Cir. 1977). Plaintiff's complaint merely alleges, in conclusory terms, that a conspiracy existed and the court has not found plaintiff has pled an independently illegal act.  For these reasons and those set forth in defendants' reply suggestions, plaintiff's conspiracy claim should be dismissed.

Plaintiff's original complaint states defendants Crawford, Kemna and Dormire are sued in their official capacities, and defendants seek dismissal of those claims.  The Court has stated that "official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent."  Monell v. Department of Social Services of City of New York, 436 U.S. 658, 690 n.55 (1978).  In Brandon v. Holt, 469 U.S. 464, 471-472 (1985), the Court discussed official-capacity suits and explicitly stated that "a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents."  Thus, plaintiff's claims against defendants in their official capacities are essentially against the State of Missouri.  Based on the Eleventh Amendment, damages are not recoverable against the State, the Department of Corrections or state officials acting in their official capacities.  Nix v. Norman, 879 F.2d 429, 432-33 (8th Cir. 1989).

Throughout his pleadings, plaintiff clearly seeks relief from the federal court for defendants' failure to comply with institutional rules and policies.  The court may not order a state to comply with its own laws absent a violation of the Federal Constitution or laws.  The Eleventh Amendment prohibits federal court intervention in such claims.  Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89 (1984); Barclay v. Florida, 463 U.S. 939 (1983).

It is, therefore,

RECOMMENDED that to the extent plaintiff is bringing individual claims related to his typewriter, classification and August 2008 conduct violation, those claims be dismissed, without prejudice, for failure to exhaust administrative remedies.  It is further

RECOMMENDED that plaintiff's claims against defendants Crawford, Kemna and Dormire, brought against them in their official capacities, be dismissed based upon Eleventh Amendment immunity.  It is further

RECOMMENDED that defendants' motion of March 9, 2009, be granted and plaintiff's claims be dismissed. [14]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 14th day of July, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge