IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

JAMES T. EDGAR, Register No. 507118, )
)
          Plaintiff, )
)
        v. ) No. 08-4279-CV-C-SOW
)
LARRY CRAWFORD, et al., )
)
          Defendants. )

**ORDER**

On July 14, 2009, United States Magistrate Judge William A. Knox recommended that defendants' motion to dismiss be granted. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

The court has conducted a de novo review of the record, including the exceptions filed by plaintiff on July 23, 2009. The issues raised in plaintiff's exceptions were adequately addressed in the report and recommendation.

Even if plaintiff was refused the forms to exhaust his administrative remedies with regard to his typewriter, that claim would be subject to dismissal because he has adequate state court remedies to address the loss of property. See Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional and negligent deprivations of property not actionable under 42 U.S.C. § 1983 if suitable state remedy); Parratt v. Taylor, 451 U.S. 527, 542 (1981).

Missouri provides adequate remedies to redress property damages. Orebaugh v. Caspari, 910 F.2d 526, 527 (8th Cir. 1990). Plaintiffs can sue in circuit court for replevin under Mo. S. Ct. R. 99.01 to 99.15, or they can bring a common-law claim for conversion. Hardesty v. Mr. Cribbin's Old House, Inc., 679 S.W.2d 343, 347 (Mo. App. 1984). See also Knight v. M.H. Siegfried Real Estate, Inc., 647 S.W.2d 811, 814 (Mo. App. 1982). Plaintiffs also can recover for losses caused by the tortious acts of state employees, acting in their ministerial capacities. See Harris v. Munoz, 43 S.W.3d 384 (Mo. App. 2001); Jungerman v. City of Raytown, 925 S.W.2d 202 (Mo. Banc 1996); Jackson v. Wilson, 581 S.W.2d 39, 42-43 (Mo. App. 1979); Mo. Ann. Stat. § 105.711 (Supp. 2007).

After filing his exceptions, plaintiff also filed several pleadings relating to events which occurred considerably after the filing of this lawsuit and for which he claims show continuing retaliation. The court has reviewed those documents and is persuaded that the recommendation of the Magistrate Judge is correct and should be adopted.

Inmates who file an appeal with the United States Court of Appeals for the Eighth Circuit are required to pay the full $455.00 appellate filing fee, regardless of the outcome of the appeal. Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997). The filing of a notice of appeal is considered a consent by the inmate to allow prison officials to deduct an initial partial appellate filing fee and later installments from the prisoner's account.

IT IS, THEREFORE, ORDERED that [22] the Report and Recommendation of July 14, 2009, is adopted. It is further

ORDERED that to the extent plaintiff is bringing individual claims related to his typewriter, classification and August 2008 conduct violation, those claims are dismissed, without prejudice, for failure to exhaust administrative remedies. It is further

ORDERED that plaintiff's claims against defendants Crawford, Kemna and Dormire, brought against them in their official capacities, are dismissed based upon Eleventh Amendment immunity. It is further

ORDERED that [14] defendants' motion of March 9, 2009, is granted and plaintiff's claims are dismissed. It is further

ORDERED that [30] plaintiff's motion of September 28, 2009, to supplement his complaint is denied.

    /s/ Scott O. Wright
    SCOTT O. WRIGHT
    Senior United States District Judge

DATED: November 16, 2009